Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/22/2025 09:07 AM CDT

- 544 -

**Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports**
MANCINELLI v. HILLCREST MILLARD
Cite as 33 Neb. App. 544

Alyssa Lea Mancinelli, Personal Representative of
the Estate of Claire Ann Kruizenga, appellant,
v. Hillcrest Millard, LLC, a Nebraska
limited liability company, appellee.

___ N.W.3d ___

Filed April 15, 2025.    No. A-24-241.

1. **Summary Judgment: Appeal and Error.** An appellate court affirms a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law.

2. ____: ____. An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor.

3. **Summary Judgment: Proof.** The party moving for summary judgment must make a prima facie case by producing enough evidence to show the movant would be entitled to judgment if the evidence were uncontroverted at trial.

4. ____: ____. If the burden of proof at trial would be on the nonmoving party, then the party moving for summary judgment may satisfy its prima facie burden either by citing to materials in the record that affirmatively negate an essential element of the nonmoving party's claim or by citing to materials in the record demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

5. ____: ____. If the party moving for summary judgment makes a prima facie case, the burden shifts to the nonmovant to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law. But in the absence of a prima facie showing by the movant that he or she is entitled to summary judgment, the opposing

- 545 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
MANCINELLI v. HILLCREST MILLARD
Cite as 33 Neb. App. 544

party is not required to reveal evidence which he or she expects to produce at trial.

6. **Malpractice: Physician and Patient: Proximate Cause: Expert Witnesses.** To make a prima facie case for medical malpractice, a plaintiff must show (1) the applicable standard of care, (2) that the defendant(s) deviated from that standard of care, and (3) that this deviation was the proximate cause of the plaintiff's harm. Generally, expert testimony is required on each element.

7. **Appeal and Error.** An appellate court will not consider an issue on appeal that was not passed upon by the trial court.

8. **Malpractice: Expert Witnesses: Proximate Cause.** Although expert testimony is almost always required to prove proximate causation, the common knowledge exception applies to proximate causation in professional negligence cases.

9. **Malpractice: Expert Witnesses.** Under the common knowledge exception, causation may be inferred without expert testimony if the causal link between the defendant's negligence and the plaintiff's injuries is sufficiently obvious to laypersons.

10. **Malpractice: Expert Witnesses: Words and Phrases.** The common knowledge exception for professional negligence purposes is limited to cases of extreme and obvious misconduct.

Appeal from the District Court for Douglas County: Timothy P. Burns, Judge. Affirmed.

Heather Voegele and Andreanna C. Smith, of Voegele Anson Law, L.L.C., for appellant.

David L. Welch and Maggie L. Brokaw, of Pansing, Hogan, Ernst & Buser, L.L.P., for appellee.

Riedmann, Chief Judge, and Bishop and Arterburn, Judges.

Arterburn, Judge.

## INTRODUCTION

Alyssa Lea Mancinelli, as the personal representative of her late mother Claire Ann Kruizenga's estate, brought a negligence and wrongful death action against Hillcrest Millard, LLC (Hillcrest), arising from Kruizenga's stay at Hillcrest's skilled nursing facility. Mancinelli appeals the order of the

- 546 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
MANCINELLI v. HILLCREST MILLARD
Cite as 33 Neb. App. 544

district court for Douglas County, which granted summary judgment to Hillcrest. Upon our review, we affirm the order of the district court.

## BACKGROUND

In March 2020, at the age of 80, Kruizenga underwent back surgery and was thereafter admitted to Hillcrest for rehabilitation services and care. Kruizenga's goal was to complete her therapy and return to the assisted living facility where she had resided prior to surgery. In addition to her postsurgery back pain, Kruizenga suffered from a litany of other health issues, including a urinary tract infection, essential hypertension, osteoporosis, history of deep vein thrombosis, frequent falls, anemia, obesity, memory loss, depression, anxiety, chronic pain, cognitive decline, fibromyalgia, hyperparathyroidism, sleep apnea, and chronic respiratory failure with hypoxia. Toward the end of April, Kruizenga's back pain had improved some, but she continued to participate in therapy 3 days a week and received daily oxygen therapy.

Around this time, the COVID-19 pandemic began impacting the nation. On May 5, 2020, Hillcrest notified its patients and their families that a patient had tested positive for COVID-19 and was thereafter removed from the facility. Hillcrest reported that potential exposure to other patients was minimal, as the infected patient was only at the facility for 24 hours and had been isolated in a private room prior to removal. Hillcrest affirmed that it would continue to follow facility policies and procedures to ensure patient safety.

On or around May 9, 2020, Kruizenga began having trouble breathing. On May 11, Kruizenga was tested for COVID-19, and the following day, the test results came back positive. Kruizenga was transported to a local hospital for treatment. Our record does not contain Kruizenga's medical documents from this hospital stay. However, Mancinelli asserts that the hospital staff diagnosed Kruizenga with respiratory illness, pneumonia, sepsis, septic shock, low blood pressure, low blood

- 547 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
MANCINELLI v. HILLCREST MILLARD
Cite as 33 Neb. App. 544

oxygen saturation, acute respiratory distress syndrome, and dehydration. Kruizenga was placed on a ventilator to assist her in breathing. On May 21, Kruizenga's family made the decision to "transition [her] to comfort care." Kruizenga passed away the following day.

On March 9, 2022, Mancinelli filed a complaint against Hillcrest in the district court, alleging negligence and wrongful death. Hillcrest filed an answer and denied any negligence. On January 23, 2024, Hillcrest filed a motion for summary judgment. Mancinelli opposed Hillcrest's motion, and a hearing was held on February 27.

At the summary judgment hearing, the court received evidence from both Hillcrest and Mancinelli. Hillcrest provided the court with affidavits from Dr. Anthony L. Hatcher, a board-certified family physician and chief medical officer at Hillcrest; from Dr. William M. Johnson, a board-certified pulmonologist; and from a registered nurse. Each expert opinion provided was based upon a reasonable degree of medical certainty. Hatcher, Johnson, and the nurse all averred that they were familiar with the standard of care applicable to rehabilitation facilities and that Hillcrest did not breach that standard of care in its treatment of Kruizenga. Hatcher and Johnson also averred that Hillcrest's actions did not proximately cause any injury or damage to Kruizenga. Johnson stated that "[a]s far as how [Kruizenga] contracted COVID-19, it is impossible to determine."

Mancinelli provided the court with several exhibits, including her personal affidavit and deposition, her sister Lisa Naylon's affidavit, an assortment of Kruizenga's medical records concerning her surgery and stay at Hillcrest, and an expert affidavit from Jesse Bartek, a staff nurse. Both Mancinelli and Naylon averred that on May 10, 2020, while they were visiting Kruizenga, they observed Hillcrest staff members in Kruizenga's room without gloves or masks on. Mancinelli and Naylon stated that the staff members were interacting with Kruizenga and handling her medications.

- 548 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
MANCINELLI v. HILLCREST MILLARD
Cite as 33 Neb. App. 544

Mancinelli and Naylon also stated that Kruizenga's room was in disarray with tissues and trash littering the floor.

Bartek averred that she was familiar with the standard of care applicable in this case and that Hillcrest had breached that standard by failing to administer COVID-19 testing at the onset of symptoms. Bartek also stated that Hillcrest failed to provide adequate education to staff on the appropriate use of personal protective equipment, including gloves and masks, to decrease the spread of COVID-19 infections. Her opinions were based upon a reasonable degree of "nursing certainty."

Once all the evidence was submitted, the parties presented arguments on the motion. Hillcrest argued that its three medical expert affidavits showed that there was no issue of material fact in the case. Hillcrest also asserted that Bartek's affidavit, which was the only expert affidavit Mancinelli provided, did not address causation. Thus, Hillcrest asserted that summary judgment was appropriate.

Mancinelli countered that causation was established by her evidence that Hillcrest staff members did not wear gloves or masks in accordance with applicable COVID-19 policies. Mancinelli also asserted that the common knowledge exception applied in this case, meaning that a jury could infer that Hillcrest's alleged negligence caused Kruizenga's injuries without relying on expert medical testimony. The court took the matter under advisement.

On March 6, 2024, the court issued an order granting Hillcrest's motion for summary judgment. The court determined that Mancinelli's claim was "premised on the alleged professional negligence or malpractice" of Hillcrest. Applying the relevant precedents, the court found that Hillcrest had made out a prima facie case for summary judgment and specifically cited Johnson's affidavit as evidence for that finding. Thus, the burden shifted to Mancinelli to prove that a material issue of fact existed. The court found that Mancinelli presented sufficient evidence to create a material issue of fact with respect to whether Hillcrest's services met the standard

- 549 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
MANCINELLI v. HILLCREST MILLARD
Cite as 33 Neb. App. 544

of care. However, the court found that Mancinelli had failed to offer any expert testimony to indicate that Hillcrest's alleged negligence was the proximate cause of Kruizenga's illness and death. The court also found that the common knowledge exception did not apply in this case. Accordingly, Mancinelli's complaint was dismissed.

Mancinelli appeals.

## ASSIGNMENTS OF ERROR

Mancinelli generally assigns that the district court erred in granting Hillcrest's motion for summary judgment. She specifically argues, restated, that the court erred in either (1) shifting the burden to her on the issue of proximate cause or (2) finding that the common knowledge exception to expert testimony was inapplicable in this case.

## STANDARD OF REVIEW

[1,2] An appellate court affirms a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Woodward v. Saint Francis Med. Ctr.*, 316 Neb. 737, 6 N.W.3d 794 (2024). An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Id.*

## ANALYSIS

*Proximate Cause.*

Mancinelli assigns that the district court erred in shifting the burden to her on the issue of proximate cause. She specifically argues that Hillcrest failed to establish a prima facie case that it did not proximately cause Kruizenga's illness and death. She points out that in Johnson's affidavit, he says that no injury occurred as a result of Hillcrest's care but also states that it is impossible to determine how Kruizenga contracted COVID-19. Mancinelli asserts that these statements negate

- 550 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
MANCINELLI v. HILLCREST MILLARD
Cite as 33 Neb. App. 544

each other and actually establish that there is a genuine issue of material fact concerning causation. She concludes that because this was the only affidavit the district court cited in its summary judgment order, summary judgment was not appropriate.

Hillcrest counters that the two statements are not mutually exclusive. It asserts that it is reasonable for Johnson to aver that while he cannot determine how Kruizenga contracted COVID-19, he knows to a reasonable degree of medical certainty that she did not contract COVID-19 as a result of Hillcrest's alleged negligence. Hillcrest concludes that the court properly shifted the burden to Mancinelli.

[3-5] We begin with a review of the framework that governs summary judgment. Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Clark v. Scheels All Sports*, 314 Neb. 49, 989 N.W.2d 39 (2023). The party moving for summary judgment must make a prima facie case by producing enough evidence to show the movant would be entitled to judgment if the evidence were uncontroverted at trial. *Id.* If the burden of proof at trial would be on the nonmoving party, then the party moving for summary judgment may satisfy its prima facie burden either by citing to materials in the record that affirmatively negate an essential element of the nonmoving party's claim or by citing to materials in the record demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. *Id.* If the moving party makes a prima facie case, the burden shifts to the nonmovant to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law. *Id.* But in the absence of a prima facie showing by the movant that he or she is entitled to summary judgment, the opposing party is not required to reveal evidence which he or she expects to produce at trial. *Id.*

- 551 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
MANCINELLI v. HILLCREST MILLARD
Cite as 33 Neb. App. 544

[6] To make a prima facie case for medical malpractice, a plaintiff must show (1) the applicable standard of care, (2) that the defendant(s) deviated from that standard of care, and (3) that this deviation was the proximate cause of the plaintiff's harm. *Konsul v. Asensio*, 316 Neb. 874, 7 N.W.3d 619 (2024). Generally, expert testimony is required on each element. *Id.*

In this case, the district court did not err in shifting the burden to Mancinelli on the issue of proximate cause. In support of its motion for summary judgment, Hillcrest presented three medical expert affidavits. All three experts concluded that Hillcrest did not violate the standard of care. Hatcher and Johnson also averred that Hillcrest did not proximately cause any injury to Kruizenga. Thus, Hillcrest showed that if its evidence were uncontroverted at trial, it would be entitled to judgment. The burden then properly shifted to Mancinelli to show the existence of a material issue of fact.

[7] Mancinelli's contention that Johnson's affidavit provides conflicting statements on the issue of proximate cause is without merit. At the outset, we question whether we can consider this issue, as Mancinelli did not raise this argument in the district court. While she asked the court to consider the evidence she submitted in opposition to summary judgment, she did not argue that Johnson's affidavit created a material issue of fact with regard to causation. An appellate court will not consider an issue on appeal that was not passed upon by the trial court. *Thomas v. Peterson*, 307 Neb. 89, 948 N.W.2d 698 (2020).

Assuming without deciding that we can reach the merits of Mancinelli's argument, we find that Johnson's opinions do not create a material issue of fact. Johnson's opinion that it is impossible to determine how Kruizenga contracted COVID-19 does not negate or contradict his opinion that Hillcrest's actions did not proximately cause Kruizenga's illness. It is not unreasonable for experts, based upon a reasonable degree of medical certainty, to rule out one alleged cause of an injury or illness while also opining that, based upon the evidence provided, the true cause is unknown to them.

- 552 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
MANCINELLI v. HILLCREST MILLARD
Cite as 33 Neb. App. 544

Further, Mancinelli's interpretation of Johnson's opinion does not bolster her theory of the case. If it is truly impossible to determine how Kruizenga contracted COVID-19, Mancinelli would be unable to prove that any alleged negligence committed by Hillcrest caused Kruizenga's injures. We hold that the district court did not err in shifting the burden to Mancinelli after Hillcrest made a prima facie case in support of its motion for summary judgment. We further find no error in the district court's determination that Mancinelli provided no expert evidence that negated the opinions of Hillcrest's experts regarding causation.

*Common Knowledge Exception.*

Alternatively, Mancinelli assigns that the district court erred in finding that the common knowledge exception to expert testimony was inapplicable in this case. We disagree.

[8-10] Although expert testimony is almost always required to prove proximate causation, the common knowledge exception applies to proximate causation in professional negligence cases. See *Thone v. Regional West Med. Ctr.*, 275 Neb. 238, 745 N.W.2d 898 (2008). Under the exception, causation may be inferred without expert testimony if the causal link between the defendant's negligence and the plaintiff's injuries is sufficiently obvious to laypersons. *Id.* This exception is limited to cases of extreme and obvious misconduct. *Id.* Examples include failure to remove a surgical instrument from a patient's body following a procedure or amputating an incorrect limb. *Id.* The Nebraska Supreme Court has been reluctant to apply this exception in cases where the alleged professional misconduct was less than obvious without some degree of technical knowledge. *Id.*

Here, in its rendition of the facts, the district court noted that Kruizenga "passed away from complications from COVID-19 pneumonia." However, the court rejected Mancinelli's contention that the common knowledge exception could be relied upon to create a genuine issue of material fact as to the specific event that caused Kruizenga to contract COVID-19. We,

too, will focus on the issue of how COVID-19 was contracted as opposed to the causation of death. While a genuine issue of material fact may exist as to whether Hillcrest failed to meet the standard of care, we cannot find, without expert testimony to support that conclusion, that the alleged failure is so extreme and obvious that a layperson could infer that Kruizenga contracted COVID-19 due to Hillcrest's failure.

Here, there is no evidence of exactly how Kruizenga came to be infected with COVID-19. Mancinelli's evidence provides a single example where the standard of care had arguably not been met. She generally alleges that Hillcrest deviated from the standard of care, which led to Kruizenga's exposure and infection. We recognize that Mancinelli's argument gains some support from the fact that Hillcrest was not open to the public for much of the time Kruizenga was placed there. Even so, during that period, she had contact with many caregivers. Without expert testimony, we have no showing that she could only have contracted COVID-19 from a person who failed to observe the applicable standard of care. Without expert medical testimony identifying the specific act that caused her illness, the finder of fact would be left to speculate as to how Kruizenga contracted COVID-19. Without this evidence, it cannot be determined that there is an obvious causal link between Hillcrest's alleged failure to follow the standard of care and Kruizenga's illness and death. This assignment of error fails.

## CONCLUSION

For the foregoing reasons, we affirm the order of the district court granting summary judgment to Hillcrest.

AFFIRMED.